**UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYKI JOHNSON, individually and on behalf of all others similarly situated** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. _____** |
| **v.** | : | |
| | : | |
| **METROPOLITAN   WASTE   SYSTEMS,** | : | |
| **INC.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Tyki Johnson ("Plaintiff"), individually and on behalf of all other similarly situated employees of Defendant Metropolitan Waste Systems, Inc. (Defendant), and on behalf of the members of the proposed Collectives and Rule 23 Classes, files this Collective and Class Action Complaint against Defendant for unpaid wages, unpaid overtime, liquidated damages, attorneys' fees, costs and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and/or Pennsylvania common law.

## INTRODUCTION

1.  Plaintiff brings claims to recover unpaid overtime compensation under § 216(b) of the FLSA.  He brings these claims as a collective action on behalf of all current and former hourly workers who performed work for Defendant at any time from three (3) years before the filing of this Complaint to the present and who were not paid overtime at one and one half of their regular hourly rate of pay for all hours worked over forty (40) in a workweek (the "FLSA OT Collective").

2.  Plaintiff also brings claims to recover unpaid overtime wages under the PMWA and/or Pennsylvania common law on behalf of all current and former hourly workers of Defendant,

who worked in the Commonwealth of Pennsylvania, at any time from four (4) years before the filing of this Complaint to the present, who were not paid overtime at one and one half of their regular hourly rate of pay for all hours worked over forty (40) in a workweek (the "Rule 23 OT Class"). Plaintiff brings these claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3.    Plaintiff also brings claims to recover minimum wages under § 216(b) of the FLSA for time spent training. He brings these claims as a collective action on behalf of all current or former hourly workers who performed work for Defendant at any time from three (3) years before the filing of this Complaint to the present, who were not paid the applicable federal minimum wage for their time spent during training (the "FLSA Training Collective").

4.    Plaintiff also brings claims to recover unpaid minimum wages under the PMWA and/or Pennsylvania common law on behalf of all current and former hourly workers who performed work for Defendant in the Commonwealth of Pennsylvania at any time from four (4) years before the filing of this Complaint to the present, who were not paid wages for the time spent training (the "Rule 23 Training Class"). Plaintiff brings these claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, as Defendant is domiciled and conducts business within this District.

6.    This Court also has supplemental jurisdiction pursuant to 29 U.S.C. § 1367 over the state law claims, as the state and federal claims derive from a common nucleus of operative facts.

7.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is

domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## PARTIES

8.     Plaintiff Tyki Johnson is a major individual and a citizen of the Commonwealth of Pennsylvania who resides in Sharon Hill, Pennsylvania.

9.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Johnson consents in writing to be a party to this proceeding.  His consent form is attached as Exhibit "A."

10.     Defendant Metropolitan Waste Systems, Inc. is a Pennsylvania corporation with its registered office located at 148 E. Street Road, Unit 241, Feasterville, PA 19053.

11.     Defendant operates a central shop as its principal place of business located at 5825 Tacony Street, Philadelphia PA 19135.

12.     Defendant employs hourly workers like Plaintiff who collect trash, and remove and haul snow.

## COVERAGE UNDER THE FLSA

13.     Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

14.     Plaintiff and the FLSA Collective are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

15.     Defendant, Plaintiff and the FLSA Collective used cell phones, computers, materials, supplies and equipment that were manufactured in or purchased and shipped from states other than Pennsylvania, and Defendant accepted checks, credit cards, electronic payments and processed other transactions from customers through interstate banks and financial institutions, all of which constitutes interstate commerce.

## **COLLECTIVE AND CLASS ACTION DEFINITIONS**

16.    The group of similarly situated individuals sought to be conditionally certified under the FLSA, 29 U.S.C. § 216(b) as a collective action is defined as:

> All current or former hourly workers who performed work for Defendant Metropolitan Waste Systems, Inc., at any time from three (3) years prior to filing this Complaint to the present, and who were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a workweek (the "FLSA OT Collective").

17.    The class of similarly situated individuals sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the PMWA and Pennsylvania common law is defined as:

> All current or former hourly workers who performed work for Defendant Metropolitan Waste Systems, Inc., in the Commonwealth of Pennsylvania, at any time from four (4) years prior to filing this Complaint to the present, and who were not paid overtime at one and one half their regular rate of pay for all hours worked over forty (40) in a workweek (the "Rule 23 OT Class").

18.    The group of similarly situated individuals sought to be conditionally certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former hourly workers who performed work for Defendant Metropolitan Waste Systems, Inc., at any time from three (3) years prior to filing this Complaint to the present, and who were not paid at least the federal minimum wage for training (the "FLSA Training Collective").

19.    The class of similarly situated individuals sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the PMWA and Pennsylvania common law is defined as:

> All current or former hourly workers who performed work for Defendant Metropolitan Waste Systems, Inc., in the Commonwealth of Pennsylvania, at any time from four (4) years prior to filing this Complaint to the present and who were not paid at least minimum wage for training (the "Rule 23 Training Class").

4

20.    The Class and Collective Members are together referred to as the "Classes" herein.

21.    Plaintiff reserves the right to redefine the Classes prior to notice or class certification, and thereafter as may be warranted or necessary.

## FACTS

22.    Plaintiff and the Members of the Classes work or worked for Defendant as hourly employees who collected trash, and/or performed snow removal and hauling.

23.    Plaintiff initially worked for Defendant as a front load trash truck driver from approximately May, 2023 to July, 2023.  He was rehired in approximately July, 2025, in the same capacity.  His employment was terminated in February, 2026.

24.    When Plaintiff was initially hired by Defendant in approximately March, 2023, Plaintiff was required to train for his job position without pay.

25.    Plaintiff trained with Defendant for approximately one month.  Plaintiff was not compensated for the time he spent training.

26.    Plaintiff and the Members of the Classes are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and/or the PMWA and/or Pennsylvania common law.

27.    Plaintiff and Members of the Classes were all paid by the hour.

28.    Plaintiff and the Members of the Classes performed no job duties or functions that qualified for any FLSA or PMWA overtime exemption.

29.    Defendant intentionally misclassified Plaintiff and the Members of the Classes as independent contractors in an effort to avoid its overtime and minimum wage obligations under the FLSA and PMWA.

30.     Plaintiff and the Members of the Classes were allowed little or no discretion or independent judgment in the method and manner that they performed their work.  Instead, their job duties were controlled by Defendant's policies and procedures.

31.     Plaintiff and the Members of the Classes were supervised by employees of Defendant, and were subject to discipline.

32.     Plaintiff and the Members of the Classes all received work assignments from Defendant, and relied on Defendant for their work assignments.

33.     Defendant directed and controlled the work of Plaintiff and the Members of the Classes, and provided substantial oversight of their activities.

34.     The work performed by Plaintiff and the Members of the Classes was integral to Defendant's business.  Without their work, Defendant could not have performed its contracted responsibilities for their clients.

35.      Defendant profited directly from the work performed by Plaintiff and the Members of the Classes.

36.     Plaintiff and the Members of the Classes could not negotiate their compensation with Defendant's clients, and they did not share in the profits.

37.     In short, Plaintiff and the Members of the Classes were economically dependent on Defendant.

38.     Defendant also required Plaintiff and the Members of the Classes to wear uniforms, and identify themselves as Metro Waste employees if engaged with one of Defendant's customers.

39.     In addition, Defendant required Plaintiff and the Members of the Classes to complete training related to Defendant's business operations, and follow guidelines with regard to his communications, interactions, and the method by which they completed their assignments.

6

40.    Plaintiff and the Members of the Classes were not required to have any specialized or unique skills to perform their job. In fact, the job duties are manual labor and do not incorporate any particular skill, judgment or expertise.

41.    Plaintiff and the Members of the Classes had no control over the routes, nor did they participate in any efforts to increase Defendant's customer base.

42.    Plaintiff's and the Members of the Classes' financial investments were minor when compared to the investment made by Defendant in the business at hand. All capital investment and risk belonged to Defendant. Absent Defendant's investment in provision of the business activities that Plaintiff performed, no money would have been earned.

43.    Defendant has suffered and permitted Plaintiff and the Members of the Classes to regularly work more than forty (40) hours in a workweek.

44.    For example, Plaintiff worked fifty-six (56) hours during the workweek of December 5, 2025 to December 11, 2025 but was only paid his hourly rate of $30.00 for all hours worked.  Plaintiff was owed an overtime premium for the hours he worked over forty (40) in the workweek.

45.    Defendant has also suffered and permitted the Members of the Classes to regularly work more than forty (40) hours in a workweek without overtime pay at one and one-half times their regular rate of pay.

46.    Plaintiff and the Members of the Classes were not compensated in accordance with the FLSA and/or the PMWA because they were not paid proper overtime wages for all hours worked in excess of forty (40) hours per workweek.  Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA and PMWA, Defendant paid straight time for all hours worked.

47.    Defendant is aware, or should have been aware, that Plaintiff and the Members of

the Classes worked over forty (40) hours in a workweek. Defendant assigns work schedules and requires Plaintiff and the Members of the Classes to work overtime.

48.      Furthermore, Defendant failed to pay at least minimum wages to Plaintiff and the Training Class Members for the time they spent in training, in direct violation of Defendant's minimum wage obligations under the FLSA and PMWA.

49.      Plaintiff was required to ride along with Defendant's representatives as part of his training for approximately one month, without compensation.

50.      Plaintiff and the Members of the Classes were all subject to Defendant's uniform policies of not paying proper overtime, and not paying minimum wages for training.

## THE FAILURE TO PROPERLY PAY WORKERS IS WILLFUL

51.      Defendant's actions in violation of the FLSA and PMWA were or are made willfully in an effort to avoid liability under the FLSA and PMWA.

52.      Even though the FLSA requires overtime premium compensation for hours worked over forty (40) hours per week, Defendant did not and does not pay Plaintiff and the Members of the Classes proper overtime compensation for hours worked in excess of forty (40) in a workweek.

53.      Defendant knew, or absent their own recklessness should have known, that the Plaintiff and the Members of the Classes were entitled to such overtime premiums.

54.      Furthermore, despite knowledge of its obligations to pay wages for training at least at a minimum wage level, Defendant failed to compensate new hires for their time spent training.

55.      Defendant failed to pay Plaintiff and the Members of the Classes all compensation owed, including overtime premiums.

56.      By failing to pay all the compensation owed to Plaintiff and the Members of the Classes, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and Pennsylvania state law.

57.     Defendant has not made good faith efforts to comply with the FLSA and applicable Pennsylvania state law.

## COLLECTIVE ACTION ALLEGATIONS
### *FLSA OT Collective*

58.     Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

59.     Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying employees, like Plaintiff and the FLSA OT Collective, overtime as required by law.

60.     Plaintiff is aware of other current or former employees of Defendant who were subject to the same payroll practice.

61.     Defendant's practice and policy of not paying overtime affects Plaintiff and the FLSA OT Collective similarly, and is a willful violation of the FLSA.

62.     Plaintiff and the FLSA OT Collective are all victims of Defendant's unlawful compensation practices and are similarly situated in terms of job duties, pay and employment practices.

63.     Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice of misclassifying employees, and is not dependent on the personal circumstances of any individual employee.  Thus, Plaintiff and the FLSA OT Collective are similarly situated.

64.     Plaintiff and the FLSA OT Collective all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

9

65.     The specific job titles or precise job requirements of the FLSA OT Collective does not prevent proceeding collectively.  All of Defendant's hourly employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

66.     Plaintiff and the FLSA OT Collective are entitled to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, costs and interest.

67.     Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA OT Collective proper overtime compensation for hours worked over forty (40).

68.     The similarly situated members of the FLSA OT Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily be notified of this action, and allowed to opt-in pursuant to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, and attorney's fees and costs under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS
*FLSA Training Collective*

69.     Pursuant to the FLSA, 29 U.S.C. § 206, employers are generally required to pay workers at least the federal minimum wage rate.

70.     Defendant has violated, and is violating, the provisions of the FLSA, 29 U.S.C. §§ 206, by not paying employees, like Plaintiff and the FLSA Training Collective, minimum wages for hours worked during training, as required by law.

71.     Plaintiff is aware of other current or former employees of Defendant who were

subject to the same payroll practice.

72.     Defendant's practice and policy of not paying wages for training affects Plaintiff and the FLSA Training Collective similarly, and is a willful violation of the FLSA.

73.     Plaintiff and the FLSA Training Collective are all victims of Defendant's unlawful compensation practices, and are similarly situated in terms of job duties, pay and employment practices.

74.     Defendant's failure to pay wages for training, as required by the FLSA, results from a generally applicable, systematic policy and practice, and is not dependent on the personal circumstances of any individual employee.  Thus, Plaintiff and the FLSA Training Collective are similarly situated.

75.     Plaintiff and the FLSA Training Collective all have the same basic job duties and descriptions, and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

76.     The specific job titles or precise job requirements of the FLSA Training Collective does not prevent proceeding collectively.  All of Defendant's employees, regardless of their precise job requirements or rates of pay, were entitled to be paid wages for the time they spent training.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

77.     Plaintiff and the FLSA Training Collective are entitled to recover their unpaid wages, liquidated damages, attorneys' fees, costs and interest.

78.     Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Training Collective wages for training.

79.     The similarly situated members of the FLSA Training Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These

similarly situated employees may readily be notified of this action, and allowed to opt-in pursuant

to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid wages,

liquidated damages, and attorney's fees and costs under the FLSA.

## **PENNSYLVANIA RULE 23 CLASS ACTION ALLEGATIONS**
### *Rule 23 OT Class*

80.     The persons in the Pennsylvania Rule 23 OT Class are so numerous that joinder of

all members of the proposed Rule 23 OT Class is impracticable.  While the precise number of class

members has not been determined at this time, Defendant, on information and belief, has employed

over forty (40) hourly employees during the class period.  Plaintiff and the Rule 23 OT Class have

been uniformly affected by Defendant's violation of Pennsylvania law.

81.     There are questions of law and fact common to the Rule 23 OT Class that

predominate over any questions solely affecting individual members of the Rule 23 OT Class,

including, but not limited to the following:

  a.  Whether Defendant violated Pennsylvania law for failure to pay overtime
      wages due and owing;
  b.  Whether Defendant's actions were willful;
  c.  Whether Plaintiff and the Rule 23 OT Class are employees under the
      PMWA;
  d.  Whether Defendant intentionally misclassified its workers as independent
      contractors to avoid overtime obligations; and
  e.  Whether hourly employees qualify for any overtime exemption.

82.     Plaintiff's claims are typical of those of the Rule 23 OT Class.  Plaintiff, like other

members of the proposed Rule 23 OT Class, was subject to Defendant's practices and policies as

described above.  Further, Plaintiff's job duties are typical of the Rule 23 OT Class, as all class

members are or were non-exempt hourly workers.

83.     Plaintiff will fairly and adequately protect the interest of the proposed Rule 23 OT

Class, and has retained counsel experienced in complex wage and hour class and collective action

litigation.

84.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against corporate defendants.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation, potentially resulting in inconsistent judgments, pertaining to Defendant's policies and practices.  There do not appear to be any difficulties in managing this class action.

### PENNSYLVANIA RULE 23 CLASS ACTION ALLEGATIONS
*Rule 23 Training Class*

85.     The persons in the Pennsylvania Rule 23 Training Class are so numerous that joinder of all members of the proposed Rule 23 Training Class is impracticable.  While the precise number of class members has not been determined at this time, Defendant, on information and belief, has required training of over forty (40) hourly employees during the class period, and not paid them at least minimum wage.  Plaintiff and the Rule 23 Training Class have been uniformly affected by Defendant's violation of law.

86.     There are questions of law and fact common to the Rule 23 Training Class that predominate over any questions solely affecting individual members of the Rule 23 Training Class, including, but not limited to the following:

   a. Whether Defendant violated Pennsylvania law for failure to pay minimum wages for training;
   b. Whether Plaintiff and the Rule 23 Training Class are employees under the PMWA;
   c. Whether Defendant owes wages for training; and
   d. Whether Defendant's actions were willful.

87.     Plaintiff's claims are typical of those of the Rule 23 Training Class.  Plaintiff, like

other members of the proposed Rule 23 Training Class, was subject to Defendant's practices and policies as described above.  Further, Plaintiff's job duties are typical of the Rule 23 Training Class, as all class members were required to train without pay.

88.     Plaintiff will fairly and adequately protect the interest of the proposed Rule 23 Training Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

89.     This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against corporate defendants.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation, resulting in potentially inconsistent judgments, pertaining to Defendant's policies and practices.  There do not appear to be any difficulties in managing this class action.

**COUNT I**
**OVERTIME WAGES**

**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, *et seq.***
*On Behalf of Plaintiff and the FLSA OT Collective*

90.     All previous paragraphs are incorporated as though fully set forth herein.

91.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

92.     Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

93.     During all relevant times, Plaintiff and the FLSA OT Collective Members were

covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

94.    Plaintiff and the FLSA OT Collective Members are not exempt from the requirements of the FLSA.

95.    Defendant suffered and permitted Plaintiff and the FLSA OT Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.*, and its implementing regulations.

96.    Defendant knew, or showed reckless disregard for the fact that it failed to pay these non-exempt hourly employees proper overtime compensation in violation of the FLSA. *See* 29 U.S.C. § 207(a)(1).

97.    Defendant also failed to create, keep, and preserve accurate records with respect to work performed by the Plaintiff and the FLSA OT Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

98.    Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA OT Collective to suffer loss of overtime wages and interest thereon.

99.    Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT II**
**MINIMUM WAGES**

**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201,** *et seq.*
*On Behalf of Plaintiff and the FLSA Training Collective*

100.    All previous paragraphs are incorporated as though fully set forth herein.

101.    The FLSA, 29 U.S.C. § 206, requires employers to pay workers at least the

federally-mandated minimum wage for hours worked, including training.

102.    Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

103.    During all relevant times, Plaintiff and the FLSA Training Collective Members were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

104.    Plaintiff and the FLSA Training Collective Members are not exempt from the requirements of the FLSA.

105.    Defendant required Plaintiff and the FLSA Training Collective to perform work without pay in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, and its implementing regulations.

106.    Defendant knew, or showed reckless disregard for the fact that it failed to pay these workers at least the federally-mandated minimum wage for all hours worked in violation of the FLSA. *See* 29 U.S.C. § 206.

107.    Defendant also failed to create, keep, and preserve accurate records with respect to work performed by the Plaintiff and the FLSA Training Collective Members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA, 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

108.    Defendant's failure to comply with the FLSA minimum wage protections caused Plaintiff and the FLSA Training Collective to suffer loss of wages and interest thereon.

109.    Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who intentionally fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT III
## <u>OVERTIME WAGES</u>

### VIOLATION OF THE PENNSYLVANIA
### MINIMUM WAGE ACT OF 1968 – 43 P.S. § 333.101 *et seq.*
*On Behalf of Plaintiff and the Proposed Rule 23 OT Class*

110.    All previous paragraphs are incorporated as though fully set forth herein.

111.    The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 Pa. Code § 231.21(b).

112.    The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular hourly rate at which he or she is employed.  *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

113.    Plaintiff and the proposed Rule 23 OT Class were or are employees of Defendant within the meaning of the PMWA.

114.    At all times material herein, Plaintiff and the Rule 23 OT Class Members were covered employees entitled to the protections of the PMWA. 43 Pa. Stat. § 333.103(h).

115.    Defendant is a covered employer required to comply with the PMWA's mandates. 43 Pa. Stat. § 333.103(g).

116.    When Defendant paid Plaintiff and the Rule 23 OT Class straight time rather than the required one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek, it violated the PMWA.

117.    The foregoing conduct constitutes a willful violation of the PMWA within the meaning of the PMWA.

118.    Pursuant to 43 P.S. § 333.113, Plaintiff and the members of the Rule 23 OT Class

are entitled to damages, including overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the PMWA

119.     As a result of these violations of the PMWA, pay, including overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the members of the Rule 23 OT Class. Accordingly, Defendant is liable for unpaid wages, attorneys' fees, and costs of this action.

### COUNT IV
### MINIIMUM WAGES

### VIOLATION OF THE PENNSYLVANIA
### MINIMUM WAGE ACT OF 1968 – 43 P.S. § 333.101 *et seq*.
*On Behalf of Plaintiff and the Proposed Rule 23 Training Class*

120.     All previous paragraphs are incorporated as though fully set forth herein.

121.     The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked at a rate equal to or above the minimum wage. *See* 43 P.S. § 333.104(a) and 34 Pa. Code § 231.21(b).

122.     The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular hourly rate at which he or she is employed.  *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

123.     Plaintiff and the proposed Rule 23 Training Class were or are employees of Defendant within the meaning of the PMWA.

124.     At all times material herein, Plaintiff and the Rule 23 Training Class members, are covered employees entitled to the protections of the PMWA. 43 Pa. Stat. § 333.103(h).

125.     Defendant is a covered employer required to comply with the PMWA's mandates.

43 Pa. Stat. § 333.103(g).

126.    The PMWA defines "wages" as "compensation due to any employee by reason of his or her employment."  43 Pa. Stat. § 333.103(d).

127.    When Defendant failed to pay wages Plaintiff and the Rule 23 Training Class for time spent training, it violated the PMWA.

128.    The foregoing conduct constitutes a willful violation of the PMWA within the meaning of the PMWA.

129.    Pursuant to 43 P.S. § 333.113, Plaintiff and the members of the Rule 23 Training Class are entitled to damages, including unpaid wages within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the PMWA

130.    As a result of these violations of the PMWA, pay, including overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the members of the Rule 23 Training Class. Accordingly, Defendant is liable for unpaid wages, attorneys' fees, and costs of this action.

**COUNT V**
**UNJUST ENRICHMENT**
*On Behalf of Plaintiff and the Proposed Rule 23 Classes*

131.    All previous paragraphs are incorporated as though fully set forth herein.

132.    Defendant has received and benefited from the uncompensated labors of Plaintiff and the Rule 23 Classes, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment under the common law of Pennsylvania.

133.    At all times relevant herein, Defendant devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from Plaintiff and the Rule 23 Classes without paying them the lawful and appropriate minimum wage and/or overtime premium

for all hours worked.

134.    Contrary to all good faith and fair dealings, Defendant induced Plaintiff and the Rule 23 Classes to perform work while failing to compensate them as required by law.

135.    By reasons of having secured the work and efforts of Plaintiff and the Rule 23 Classes without paying them all compensation required by law, Defendant enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to their own benefit and to the detriment of Plaintiff and the Rule 23 Classes.  Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

136.    Accordingly, Plaintiff and the Rule 23 Classes (Rule 23 OT Class and Rule 23 Training Class) are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a.  An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the potential Collectives;

c.  An order permitting this litigation to proceed as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Rule 23 Classes;

d.  Damages (including all unpaid wages and overtime compensation) and pre-judgment and post-judgment interest to the fullest extent permitted under the law;

e.  All compensatory damages due under the FLSA and Pennsylvania law, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff, and the members of the FLSA Collectives and Rule 23 Classes;

f.  Liquidated damages and penalties to the fullest extent permitted under the law;

g.  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: */s/ Kevin I. Lovitz*　　　　　　　　　
　　　　　Kevin I. Lovitz
　　　　　**LOVITZ LAW FIRM**
　　　　　One Liberty Place
　　　　　1650 Market Street
　　　　　36th Floor
　　　　　Philadelphia, Pennsylvania 19103
　　　　　Tel: (215) 735-1996
　　　　　Fax: (267) 319-7943
　　　　　kevin@lovitzlaw.com

　　　　　Scott E. Brady (*pro hac vice* forthcoming)
　　　　　Philip Bohrer (*pro hac vice* forthcoming)
　　　　　**BOHRER BRADY, LLC**
　　　　　8712 Jefferson Highway, Suite B
　　　　　Baton Rouge, Louisiana 70809
　　　　　Tel: (225) 925-5297
　　　　　Fax: (225) 231-7000
　　　　　scott@bohrerbrady.com
　　　　　phil@bohrerbrady.com